UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA JEAN
BJORNSON,

        Plaintiff

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

Civil Action No.: 18-12762
Honorable Arthur J. Tarnow
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION ON CROSS-
MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 9, 11]**

    Plaintiff Cynthia Jean Bjornson appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- the Commissioner's motion [ECF No. 11] be **GRANTED**;
- Bjornson's motion [ECF No. 9] be **DENIED**; and

- the Commissioner's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

I. **BACKGROUND**

A. **Bjornson's Background and Disability Application**

Born July 24, 1959, Bjornson was 56 years old when she submitted her application for disability benefits in February 2016. [ECF No. 7-5, Tr. 158]. She has past relevant work experience as an elementary school teacher. [ECF No. 7-2, Tr. 24]. Bjornson alleged a disability onset date of November 30, 2015. [ECF No. 7-2, Tr. 17, 38]. She claims to be disabled because of stage III breast cancer,[1] physical complication from cancer treatment, cognitive complications from cancer treatment, fatigue, nausea and depression. [ECF No. 7-3, Tr. 70]. Bjornson's last insured date was December 31, 2019. [ECF No. 7-6, Tr. 175].

After a hearing on November 1, 2017, during which Bjornson and a vocational expert (VE) testified, the ALJ found that Bjornson was not disabled. [ECF No. 7-2, Tr. 25, 30-68]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-3]. Bjornson timely filed for judicial review. [ECF No. 1].

---

[1] Bjornson completed her surgical and radiation therapy, and the mammogram showed no suspicious mass or calcification—the findings were benign. [ECF 7-33, Tr. 1537; *see also* ECF No. 9, PageID.1656].

## B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age,

---

[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

3

education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Bjornson was not disabled. At the first step, she found that Bjornson had not engaged in substantial gainful activity since November 30, 2015. [ECF No. 7-2, Tr. 17]. At the second step, she found that Bjornson had the severe impairments of "invasive ductal carcinoma of right breast with metastasis to axillary lymph nodes and degenerative joint disease of the knees, multilevel spine, right shoulder and feet." [*Id.*, Tr. 18]. Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 18].

Between the third and fourth steps, the ALJ found that Bjornson had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except:

- Occasional climbing of stairs, crouching, crawling, kneeling, stooping/bending, but avoid workplace hazards such as dangerous, moving machinery and unprotected heights, so she is not able to climb ladders/ropes/scaffolding.

- Frequent grasping/gross manipulation and fingering/fine

4

manipulation with the bilateral upper extremities. [ECF No. 7-2, Tr. 20]. At step four, the ALJ found that Bjornson could perform her past relevant work as an elementary school teacher, as those jobs are defined by the Dictionary of Occupational Titles (DOT). [*Id.*, Tr. 24-25].

## II. ANALYSIS

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).

Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007). And the diagnosis of a condition, alone, says nothing about its severity. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). For these reason, Bjornson's reliance on materials outside of the record that generically describe the

5

side-effects of cancer is improper. [ECF Nos. 9-1 to 9-3]. And contrary to Bjornson's argument otherwise, there is nothing inherently inconsistent with a claimant taking chemotherapy medication yet being capable of light work. *See Sturgill v. Comm'r of Soc. Sec.*, No. 18-10487, 2019 WL 1187359, at *5 (E.D. Mich. Feb. 27, 2019), *adopted*, 2019 WL 1170356 (E.D. Mich. Mar. 13, 2019) (finding that record did not show that claimant on chemotherapy medication had functional limitations or was incapable of light work).

Bjornson argues that the ALJ improperly found that she had the RFC to perform light work, including her past relevant work as an elementary school teacher. [ECF No. 9, PageID.1657-68]. The Court disagrees and recommends that the ALJ's decision be affirmed.

### A.

The ALJ found that Bjornson's statements about the intensity, persistence and limiting effects of her impairments were inconsistent with the objective evidence in the record. [ECF No. 7-2, Tr. 22]. Bjornson contends that her "symptoms, diagnosis and medical treatment of breast cancer with involvement of a lymph node…support her testimony about her inability to satisfactorily perform all work activity on a full time basis beginning [her alleged onset date], including her past work as an elementary school teacher." [ECF No. 9, PageID.1658]. Bjornson points to

6

her fatigue, numbness and difficulty concentrating as supporting her claim that the ALJ erred. [*See* ECF No. 9].

When a claimant's subjective complaints regarding her symptoms, their intensity or their persistence are not supported with by objective evidence, the ALJ is required to consider the entire record. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). "Consistency between a claimant's symptom complaints and the other evidence in the record tends to support" the reliability of the claimant's allegations, "while inconsistency, although not necessarily defeating, should have the opposite effect." *Id.* at 248. The regulations also direct the ALJ to consider the claimant's daily activities, among other factors, when evaluating symptom-related functional limitation. 20 C.F.R. § 404.1529(c)(3).

And an ALJ may discount a claimant's report of subjective symptoms because "some of [his] activities were inconsistent with his claims of disabling pain." *Blacha v. Sec'y of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990); *see also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997) (finding that the ALJ acted properly when he considered that claimant could "run all of his errands, walk two miles, prepare all of his meals, and drive three times a week"); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (the ALJ properly

"considered [the claimant's] testimony concerning fatigue and shortness of breath in light of other evidence that [she] regularly walks around her yard for exercise, rides an exercise bicycle, goes to church, goes on vacation, cooks, vacuums, and makes beds").

Of further note, Bjornson bears the burden of proving that she requires more restrictive RFC limitations than those assessed by the ALJ. *Preslar*, 14 F.3d at 1110. She does not sustain this burden.

### B.

Substantial evidence in the record refutes Bjornson's allegations of prohibitive fatigue. In March 2016, both Bjornson and her partner of 33 years submitted function report to the Social Security Administration. [ECF No. 7-6, Tr. 190-97, 216-23]. Bjornson stated that her impairments limit her ability to work because of fatigue and lack of stamina. [*Id.*, Tr. 216]. But her partner wrote that Bjornson can care for her animals, care for herself without issue, prepare meals in the same manner she did before the alleged impairments, attend to household chores (vacuum, dust and sweep), drive and grocery shop. [*Id.*, Tr. 190-93]. Bjornson agreed. [*Id.*, Tr. 217-19]. And though Bjornson's report indicated that her impairment affects her ability to lift, walk and stair claim, she did not allege any effect on her ability to sit, bend, stand, kneel or reach. [*Id.*, 221].

8

The record also contains numerous medical reports that support the ALJ's determination that Bjornson's fatigue does not prevent her from carrying out the duties of an elementary school teacher. [*See* ECF No. 7-16, Tr. 674 (progress notes stating "mild" fatigue); ECF No. 7-17, Tr. 745 ("[F]atigue moderate but much better than it was."); ECF No. 7-20, Tr. 856, 876 (Bjornson reporting her fatigue was tolerable and moderate); ECF No. 7-29, Tr. 1319 (Bjornson stating fatigue is "much better than it was"); ECF No. 7-32, Tr. 1485 (Bjornson reporting that she had "no exercise intolerance," "no weakness," "no sleep disturbances" and "no fatigue"). Bjornson also testified that she was "still able to take [care] of [her] hygiene," walked her two dogs one mile "two to three times a week," took care of "the leaf work" on her property, could stand one to two hours without a break and did not have difficulty sitting. [ECF No. 7-2, Tr. 49-53].

## C.

Bjornson also argues that the oral chemotherapy she took for her cancer treatment caused "permanent numbness in her fingertips, toes, elbow and outside her right arm" as a side effect. [ECF No. 9, PageID.1666]. Like Bjornson's claim of disabling fatigue, her assertion that she could not perform past relevant work because of numbness is unsupported by evidence in the record.

At the hearing, Bjornson testified that she could brush her teeth, grasp a fork, write with a pen and pencil, drive,[3] and stayed in touch with others by computer messaging and the phone. [ECF No. 7-2; Tr. 49-51]. According to April 2016 progress notes, Bjornson's numbness was "tolerable and [she was] able to function," [ECF No. 7-17, Tr. 746; ECF No. 7-29, Tr. 1320], and her numbness was mild enough that she was "still able to perform [activities of daily living]" [ECF No. 7-32, Tr. 1482]. And according to November 2016 neurological testing, Bjornson did not suffer from tenderness or paresthesia, her gross sensation was intact and she reported "no numbness." [ECF No. 7-32, Tr. 1482, 1485].

Bjornson and her partner also reported that she prepared her own meals several times a week, her cooking habits and activities were unaffected by her alleged impairments, and that she did indoor and outdoor chores, and enjoyed coloring, keyboarding and computer games. [ECF 7-6, Tr. 192-94, 218-20].

## D.

Next, Bjornson argues that her "problems concentrating and being able to stay on task" prevented her from performing light work, including

---

[3] In fact, Bjornson drove herself to the November 1, 2017 hearing. [ECF No. 7-2, Tr. 50].

that of an elementary school teacher. The Court also finds this unpersuasive. In the function reports, neither Bjornson nor her partner indicated that concentration, understanding, talking or following instructions were affected by her impairments. [ECF No. 7-6, Tr. 195, 221]. The only items checked were lifting, walking and stair climbing. [*Id.*]. In the report, Bjornson stated that she could pay attention for "as long as necessary," followed written and spoken instructions "fine" and finished what she starts. [*Id.*]. She also denied difficulties with speech. [ECF No. 7-31, Tr. 1470].

Her partner stated that Bjornson's ability to pay attention is "not affected," she finished what she starts, and followed written and spoken instructions "very well." [ECF No. 7-6, Tr. 195]. Bjornson also stated that her alleged impairments have not affected her hobbies, interests and activities—she read, watched television and played video games "daily and fairly well." [*Id.*, Tr. 220]. She also could pay bills, count change, handle a savings account and use a checkbook and money orders. [*Id.*, 219]. And many progress reports from December 2015 to April 2016 stated that Bjornson "has a normal mood and affect. Her speech is normal and behavior is normal. Thought content normal." [ECF No. 7-11, Tr. 472, 476, 485; ECF No. 7-12, Tr. 510; ECF No. 7-16, Tr. 675, 682, 707; ECF No. 7-19, Tr. 801, 809, 835, 852; ECF No. 7-20, Tr. 872; ECF No. 7-22, Tr. 933,

11

939, 945, 952, 959; ECF No. 7-28, Tr. 1246, 1255, 1281, 1301; ECF No. 7-29, Tr. 1321].

Bjornson has failed to meet her burden of proof that the ALJ erred in finding she has the RFC to perform light work and cannot perform past relevant work as an elementary school teacher. *Preslar*, 14 F.3d at 1110. Thus, the Court finds that the ALJ's decision is supported by substantial evidence.

### III.  CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion [ECF No. 11] be **GRANTED**; that Bjornson's motion [ECF No. 9] be **DENIED**; and the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: July 31, 2019                United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response. Cognitive

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 31, 2019.

                                          <u>s/Karri Sandusky acting in the absence of</u>
                                          MARLENA WILLIAMS
                                          Case Manager