UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA JEAN BJORNSON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 18-12762

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER ADOPTING REPORT & RECOMMENDATION [12]; OVERRULING PLAINTIFF'S OBJECTIONS [16]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [9]; AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [11]**

Plaintiff, Cynthia Jean Bjornson, applied for disability insurance benefits from the Social Security Administration on February 17, 2016. She alleged that she had been disabled since November 30, 2015. Her claims were denied, and she then requested and received a hearing before an Administrative Law Judge ("ALJ"). The hearing was held on November 1, 2017, in Oak Park, Michigan, before ALJ Patricia S. McKay. On May 8, 2018, the ALJ issued an opinion denying Plaintiff's claims. [Dkt. # 7-2]. The Appeals Council denied her request for review on August 14, 2018. Plaintiff timely filed suit under 42 U.S.C. § 405 on September 6, 2018. [Dkt. # 1].

Plaintiff's case was assigned to Magistrate Judge Elizabeth A. Stafford for determination of non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and

issuance of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) & (C). [Dkt. # 3]. Plaintiff filed her Motion for Summary Judgment [9] on December 10, 2018. Defendant filed his Motion for Summary Judgment [11] on January 14, 2019. On July 31, 2019, the Magistrate Judge issued an R&R [12] recommending that Defendant's motion be granted, and Plaintiff's motion be denied. Plaintiff filed timely Objections [16] on August 19, 2019. Defendant filed his Response [17] on August 30, 2019.

For the reasons stated below, the Court **OVERRULES** the Plaintiff's Objections [16] and **ADOPTS** the R&R [12]. Plaintiff's Motion for Summary Judgment [9] is **DENIED**. Defendant's Motion for Summary Judgment [11] is **GRANTED**.

## FACTUAL BACKGROUND

The Magistrate Judge summarized the factual background of Plaintiff's alleged disability and claim as follows:

### A. Bjornson's Background and Disability Application

> Born July 24, 1959, Bjornson was 56 years old when she submitted her application for disability benefits in February 2016. [ECF No. 7-5, Tr. 158]. She has past relevant work experience as an elementary school teacher. [ECF No. 7-2, Tr. 24]. Bjornson alleged a disability onset date of November 30, 2015. [ECF No. 7-2, Tr. 17, 38]. She claims to be disabled because of stage III breast cancer[1], physical complication from cancer treatment, cognitive complications from cancer treatment, fatigue, nausea and depression. [ECF No. 7-3, Tr. 70]. Bjornson's last insured date was December 31, 2019. [ECF No. 7-6, Tr. 175].

---

[1] Bjornson completed her surgical and radiation therapy, and the mammogram showed no suspicious mass or calcification—the findings were benign. [ECF 7-33, Tr. 1537; *see also* ECF No. 9, PageID.1656].

After a hearing on November 1, 2017, during which Bjornson and a vocational expert (VE) testified, the ALJ found that Bjornson was not disabled. [ECF No. 7-2, Tr. 25, 30-68]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-3]. Bjornson timely filed for judicial review. [ECF No. 1].

**B. The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Bjornson was not disabled. At the first step, she found that Bjornson had not engaged in substantial gainful activity since November 30, 2015. [ECF No. 7-2, Tr. 17]. At the second step, she found that Bjornson had the severe impairments of "invasive ductal carcinoma of right breast with metastasis to axillary lymph nodes and degenerative joint disease of the knees,

---

[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

multilevel spine, right shoulder and feet." [*Id.*, Tr. 18]. Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 18].

Between the third and fourth steps, the ALJ found that Bjornson had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except:

- Occasional climbing of stairs, crouching, crawling, kneeling, stooping/bending, but avoid workplace hazards such as dangerous, moving machinery and unprotected heights, so she is not able to climb ladders/ropes/scaffolding.
- Frequent grasping/gross manipulation and fingering/fine manipulation with the bilateral upper extremities.

[ECF No. 7-2, Tr. 20]. At step four, the ALJ found that Bjornson could perform her past relevant work as an elementary school teacher, as those jobs are defined by the Dictionary of Occupational Titles (DOT). [*Id.*, Tr. 24-25].

## Standard of Review

The Court's review of objections to a Magistrate Judge's R&R on a dispositive motion is de novo. 28 U.S.C. § 636(b)(1)(c). This review is limited to determining whether the Commissioner's findings were "supported by substantial evidence and whether the Commissioner applied the correct legal standards." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). Substantial evidence is "more than a scintilla of evidence but less than a preponderance" that a "reasonable mind might accept as adequate to support a conclusion." *Linscomb v. Comm'r of Soc. Sec.*, 25 F. App'x 264, 266 (6th Cir. 2001). Even if substantial evidence exists to support a different conclusion, if the Commissioner's decision is based on

substantial evidence, it must be affirmed. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010).

## ANALYSIS

**I.   Objection 1: The Magistrate Judge erred when she found that substantial evidence refutes Bjornson's allegations of prohibitive fatigue.**

Upon review of the record, the ALJ concluded that Plaintiff had the residual functional capacity to perform light work in her past position as an elementary school teacher. (Tr. 24-25). Additionally, this position could accommodate the limitation of standing and walking for a total of 4 hours a day. (*Id.* at 25). In response, Plaintiff recycles two main arguments to show that there is not substantial evidence to support this conclusion: (1) Plaintiff suffers from fatigue and (2) this fatigue prevents Plaintiff from being on her feet for 8 hours a day, 5 days a week. [Dkt. #16, pg. 3].

First, neither the ALJ nor the Magistrate Judge refutes that Plaintiff suffers from fatigue. (Tr. 22; R&R at 9). The only fact in contention is the severity of Plaintiff's fatigue. (*Id.* ("[T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record"); *Id.* ("The record also contains numerous medical reports that support the ALJ's determination that Bjornson's fatigue does not prevent her from carrying out the duties of an elementary school teacher.")).

Regarding her fatigue's persistence, Plaintiff alleges that she sleeps for 9-12 hours a day and does house activities for 30 minutes to 1 hour at a time before she needs

to take a break. (Tr. 38, 40, 52). However, as the Magistrate Judge notes, the ALJ cannot merely accept Plaintiff's subjective complaints at face value. (R&R at 7); *see Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247-48 (6th Cir. 2007); *see also Buxton v. Halter*, 246 F.3d 762, 775 (6th Cir. 2001) (affirming the ALJ's decision to weigh the credibility of the claimant's subjective complaints). A claimant's symptoms must be supported by objective evidence in the record. *See Rogers*, 486 F.3d at 248.

Here, the ALJ accordingly considered Plaintiff's activities that were inconsistent with disabling or severe fatigue. *Buxton*, 246 F.3d at 775 (finding claimant's ability to cook, clean and go on 30-minute walks inconsistent with her claim that she could not work). For example, in her disability report, Plaintiff's partner wrote that "Bjornson can care for her animals, care for herself without issue, prepare meals in the same manner she did before the alleged impairments, attend to household chores (vacuum, dust and sweep), drive and grocery shop." (R&R 8; Tr. 190-93). Plaintiff does not dispute her partner's report. (R&R 8; Tr. 217-19). Plaintiff also testified to being able to walk her dog for 1 mile 2 to 3 times a week and help with leaf work. (Tr. 50-52).

Furthermore, Plaintiff's medical reports are similarly inconsistent with Plaintiff's claims. Although Plaintiff does consistently complain of fatigue to her physicians during the disability period, its reported severity only fluctuated between "mild," "tolerable," and "moderate." (Tr. 509, 674, 680, 706, 731, 745, 751, 871, 876, 956). Her fatigue is never described as the type of extreme, disabling or non-functional fatigue Plaintiff alleges. [Dkt. #16, pg. 6].

Second, Plaintiff argues that her fatigue prevents her from working 8 hours a day, 5 days a week. *Id.* This claim misses the mark. It only highlights Plaintiff's standing and walking limitations that the ALJ already considered. "The vocational expert… has placed teachers with various and different limitations in teaching jobs with a sit/stand option, which would address the limitation of standing and walking a total of 4 hours." (Tr. 25). Therefore, Plaintiff's inability to stand for more than 1-2 hours without a break is part of the ALJ's supporting evidence. Since a reasonable mind could accept evidence of a person's ability to walk their dog and do yard work as adequate to support the conclusion that the person is able to do light work, objection 1 is overruled.

## II. Objection 2: The Magistrate Judge erred when she relied on *Sturgill v Commissioner*.

Plaintiff argues that the Magistrate Judge's reliance on *Sturgill* is misplaced. [Dkt. #16, pg. 9]. This claim has no merit. Plaintiff's motion for summary judgement argues that fatigue is an inevitable consequence of chemotherapy and the ALJ's finding that Plaintiff could perform the work of an elementary school teacher "strains logic." [Dkt. #9, pg. 16]. In response, the Magistrate Judge cites *Sturgill* to highlight that chemotherapy and light work are in fact not incompatible. (R&R at 6). In *Sturgill*, the claimant was diagnosed with breast cancer, underwent chemotherapy and radiation treatment and was still found to have the residual functional capacity to perform light work. *Sturgill v. Comm'r of Soc. Sec.,* No. 18-10487, 2019 WL 1187359, at *4-5, 9

(E.D. Mich. Feb. 27, 2019), *report and recommendation adopted,* No. 18-10487, 2019 WL 1170356 (E.D. Mich. Mar. 13, 2019).

Nevertheless, Plaintiff argues that Sturgill's claim is primarily based on orthopedic ailments, and therefore its analysis cannot be relied on for this case. This is not true. Although Sturgill alleged ailments that Plaintiff does not, namely back pain, like Plaintiff, Sturgill also claimed that "her medication wipe[d] her out." *Id.* at 1, 5-6. Furthermore, the crux of the Magistrate Judge's argument still rings true. Sturgill was diagnosed with breast cancer, so was Plaintiff. Sturgill was treated with chemotherapy and radiation, so was Plaintiff. Sturgill was found to have the residual functional capacity to perform light work, so was Plaintiff.

In addition, *Sturgill* is only one of many cases that show that chemotherapy and lightwork can exist in tandem. *See Ashby v. Astrue*, No. EDCV 08-00655-MLG, 2009 WL 2524582, at *1 (C.D. Cal. Aug. 17, 2009); *see also Maribel O. F. v. Berryhill*, No. 2:18-CV-06957-KES, 2019 WL 2108126, at *1 (C.D. Cal. May 14, 2019); *see also Clark v. Astrue*, No. C.A. 08-403-GMS, 2009 WL 3738659, at *1 (D. Del. Nov. 9, 2009) (all finding that the claimant had the residual functional capacity to perform light work while undergoing chemotherapy). For these reasons, objection 2 is overruled.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the R&R [12] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [16] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [9] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [11] is **GRANTED**.

**SO ORDERED**.

<u>s/Arthur J. Tarnow</u>
Arthur J. Tarnow
Dated: September 25, 2019    Senior United States District Judge